RECEIVED
MAY 1 1 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-279-2 |
| VERSUS | JUDGE DOHERTY |
| DAVID CHARLES JENKINS | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Currently pending before the Court is defendant David Charles Jenkins' "Motion for Reconsideration of Previously Requested Rule 29 Judgment of Acquittal or Alternatively, Motion for a New Trial." [Doc. 146] The motion is opposed by the United States. For the following reason, the motion is denied in its entirety.

I.  Background

On February 4, 2011, a jury convicted defendant David Charles Jenkins of Counts 1 and 2 of the Amended Indictment ("Indictment") [Doc. 98] filed in this matter. Count 1 charged defendant with "Conspiracy to Possess with Intent to Distribute Cocaine Base," in violation of 21 U.S.C. § 846; Count 2 charged defendant with "Possession with Intent to Distribute Cocaine Base," in violation of 21 U.S.C. § 841(a)(1). At the close of the government's case, defendant moved for a judgment of acquittal as to both counts. The Court denied the motion. Defendant again moved for a judgment of acquittal at the close of all evidence. Again, the motion was denied. By this postverdict motion, defendant renews his motion for a judgment of acquittal with respect to both counts.

Defendant contends the evidence was insufficient to establish his guilt beyond a reasonable doubt on both counts. The government disagrees, contending the evidence was sufficient for a reasonable jury to conclude that the two counts were proved beyond a reasonable doubt. Alternatively, defendant seeks a new trial, arguing "letting a guilty verdict stand would be manifestly unjust." [Doc.

146, p. 5] The government disagrees, arguing "that no realistic consideration of the totality of the facts introduced during the trial warrants the granting a [sic] Motion for New Trial." [Doc. 151, p.4]

## II. Motion for Judgment of Acquittal

Rule 29 permits a defendant to move for a judgment of acquittal on the basis that the evidence presented to the jury was insufficient to sustain a conviction. "In determining if there was sufficient evidence to support a conviction, the 'relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" U.S. v. Xu, 599 F.3d 452, 453 (5th Cir. 2010)(quoting United States v. Valle, 538 F.3d 341, 344 (5th Cir. 2008)). In so doing, the Court "must consider the evidence in the light most favorable to the government." U.S. v. DeJean, 613 F.2d 1356, 1358 (5th Cir. 1980). Additionally, the Court must recognize the jury is "free to choose among all reasonable constructions of the evidence," U.S. v. Chaney, 964 F.2d 437, 448 (5th Cir. 1992), and the court must "accept all credibility choices that tend to support the jury's verdict." U.S. v. Anderson, 933 F.2d 1261, 1274 (5th Cir. 1991). It is not necessary that the evidence exclude every "reasonable hypothesis" of innocence. U.S. v. Dean, 59 F.3d 1479, 1484 (5th Cir. 1995).

This Court has closely reviewed the arguments made on behalf of defendant in the pending motion, and finds defendant does not identify any new basis (*i.e.* apart from that which he argued at trial) upon which the sufficiency of the evidence against him may be challenged. Accordingly, for the reasons more fully set forth on the record at trial, the motion for judgment of acquittal is denied.

## III. Motion for New Trial

Rule 33 of the Federal Rules of Criminal Procedure provides in pertinent part as follows: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. Proc. 33(a). A motion for new trial "is addressed to the

discretion of the court, which should be exercised with caution, and the power to grant a new trial ... should be invoked only in exceptional cases...." U.S. v. Scroggins, 485 F.3d 824, 831 (5th Cir. 2007)(quoting U.S. v. Robertson, 110 F.3d 1113, 1120, n.11 (5th Cir. 1997)). "The 'interest of justice' may be based on the trial judge's evaluation of witnesses and weighing of the evidence." U.S.v. Wall, 389 F.3d 457, 465-66 (5th Cir. 2004). However, "[a]lthough a district court has broad discretion, it is not limitless, and it 'may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable.'" U.S. v. Arnold, 416 F.3d 349, 360 (5th Cir. 2005)(quoting U.S. v. Robertson, 110 F.3d 1113, 1118 (5th Cir. 1997)). Moreover, "'[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand.'" Id. (quoting Robertson at 1118).

Again, this Court has closely reviewed the briefing submitted on behalf of defendant and finds no basis for concluding that the interests of justice require a new trial in this matter. Accordingly, the motion for new trial will be denied.

## IV. Conclusion

In light of the foregoing, defendant's "Motion for Reconsideration of Previously Requested Rule 29 Judgment of Acquittal or Alternatively, Motion for a New Trial" [Doc. 146] is DENIED in its entirety.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 11 day of May, 2011.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

-3-