UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA          CRIMINAL NO. 6:10-cr-00279-02
                                  CIVIL ACTION NO. 6:14-cv-00008

VERSUS                            JUDGE DOHERTY

DAVID CHARLES JENKINS (02)        MAGISTRATE JUDGE HANNA


## REPORT  AND  RECOMMENDATION


Pending before this Court is David Charles Jenkins's motion, brought pursuant

to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence.  (Rec. Doc. 202).

The matter was referred to the undersigned for review, report, and recommendation

in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this

Court.  Having found that the motion is not timely, the undersigned recommends that

the motion be denied.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The petitioner, David Charles Jenkins, was indicted on September 15, 2010,

along with two other men.  He was charged in Count 1 with conspiracy to possess

cocaine base with intent to distribute, in violation of 21 U.S.C. § 846, and he was

charged in Count 2 with possession of cocaine base with intent to distribute, in

violation of 21 U.S.C. § 841(a)(1).  (Rec. Doc. 1).  The indictment was amended on

February 28, 2011 but the charges remained the same. (Rec. Doc. 98). A jury was selected on January 31, 2011 (Rec. Doc. 109), and Mr. Jenkins was tried February 1, 2, and 4, 2011. (Rec. Doc. 110, 112, 117). He was found guilty on both counts of the amended indictment. (Rec. Doc. 117). On November 30, 2011, he was sentenced to serve 151 months of incarceration on each count, with the sentences to be served concurrently. (Rec. Docs. 176, 177).

Mr. Jenkins appealed his conviction. On September 11, 2012, the United States Court of Appeals for the Fifth Circuit issued its decision affirming his conviction, and on October 3, 2012, the Fifth Circuit issued its judgment as mandate. (Rec. Doc. 199). The mandate was filed in the district court's record on October 5, 2012. (Rec. Doc. 199). Mr. Jenkins did not seek a writ of certiorari from the United States Supreme Court.

On January 3, 2014, Mr. Jenkins filed the instant motion. (Rec. Doc. 202). He contends that there are four grounds for overturning his conviction or sentence including two grounds based on the alleged ineffective assistance of his counsel and two grounds based on alleged court errors. Mr. Jenkins used a standard form for filing his motion, which lists his grounds for relief in cursory fashion. No supporting memorandum accompanied the motion. A letter that accompanied the motion indicated that "a Memorandum of Law will be sent in a matter of days giving

additional clarity to the 2255 Motion Form." (Rec. Doc. 202-1).  To date, however,

no such memorandum has been submitted to the court.  Whether Mr. Jenkins should

be afforded additional time for the filing of a supporting memorandum need not be

decided.  Similarly, the merits of Mr. Jenkins's claims need not be addressed. Mr.

Jenkins's motion was not timely filed, and for that reason, it should be denied.

### APPLICABLE LAW AND DISCUSSION

The pending motion is governed by the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA.")[1]  The AEDPA requires a prisoner in federal

custody, such as Mr. Jenkins, to bring his motion for collateral relief no later than one

year after the latest of four potential dates:

> (1)   the date on which the judgment of conviction becomes final;
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1]     *United States v. Orozco-Ramirez,* 211 F.3d 862, 866 (5th Cir. 2000).

> (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[2]

In his motion, Mr. Jenkins argues that his motion is timely.  He contends that "the Fifth Circuit affirmed the District Court's judgment" on October 5, 2012 and further contends that his judgment of conviction became final ninety days thereafter, when the deadline for seeking a writ of certiorari expired without him taking such action.  (Rec. Doc. 202 at 12).  He contends that he had one year from that date in which to file his Section 2255 motion.  Mr. Jenkins is correct with regard to the applicable procedure, but he made a factual error.

When a convicted person files an appeal with the Fifth Circuit but thereafter does not seek a writ of certiorari from the United States Supreme Court, the judgment of conviction becomes final when the delay for seeking certiorari expires.[3]  The Supreme Court's rules afford a ninety-day time period for seeking certiorari.[4]  But the ninety days do not begin to run when the appellate court issues its mandate or on the

---

[2]     28 U.S.C.A. § 2255(f).

[3]     *Clay v. United States*, 537 U.S. 522, 532 (2003).

[4]     Rule 13(1) of the Rules of the Supreme Court of the United States.

date that the mandate is filed with the district court.[5]  Instead, the ninety days begin

to run earlier – on the day that the appellate court issues its ruling.[6]

Rule 13 of the Rules of the Supreme Court of the United States reads as

follows:

> 1.      Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals. . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. . . .
>
> * * * * *
>
> 3.      The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . . .

The Fifth Circuit has interpreted these rules as requiring that the 90-day time period

for seeking certiorari commences on the date that the Fifth Circuit issues its ruling,

and not on the date that the mandate issues.[7]

In *United States v. Petty*, the Fifth Circuit affirmed the defendant's conviction

in a decision dated April 15, 2004.  The opinion was "revised immaterially" and

reissued on May 3, 2004.  The mandate issued on May 7, 2004.  The defendant filed

---

[5]      Rule 13(3) of the Rules of the Supreme Court of the United States.  See, also, *United States v. Gamble*, 208 F.3d 536, 536 (5th Cir. 2000) (per curiam).

[6]      *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008).

[7]      *United States v. Petty*, 530 F.3d at 365.

his Section 2255 motion on August 4, 2005.  The court determined that his motion was late, stating that "[t]he binding law indicates that Petty should have known that April 15, 2004, the date the original opinion issued from this court, was the relevant date for limitations purposes, not the date the mandate issued."[8]

In this case, the decision affirming Mr. Jenkins's conviction is dated September 11, 2012.  As instructed by the Fifth Circuit in *United States v. Petty*, the undersigned finds that Mr. Jenkins had ninety days from that date on which to seek certiorari. That time period elapsed on December 10, 2012.  Further support for this conclusion is found in the notice that was sent to Mr. Jenkins's appellate counsel on September 11, 2012, which reads as follows:  "The issuance of the mandate does not affect the time, or your right, to file with the Supreme Court."[9]  Mr. Jenkins then had one year from September 11, 2012 in which to file his Section 2255 motion, but his motion was not filed until January 3, 2014.  Accordingly, the motion is untimely.

Mr. Jenkins has not argued that the deadline for filing his motion should be equitably tolled, and the undersigned in unaware of a basis for granting such relief in this case.  However, "[i]t is well-established that 'in rare and exceptional

---

[8]     *United States v. Petty*, 530 F.3d at 365.

[9]     *United States v. Jenkins*, No. 11-31128 on the docket of the United States Court of Appeals for the Fifth Circuit, Document No. 00511982327, p. 1.

circumstances' AEDPA's one year statute of limitations 'can be equitably tolled.'"[10]

A convicted prisoner such as Mr. Jenkins bears the burden of establishing equitable tolling.[11] To do so, Mr. Jenkins must show both that he pursued his rights diligently and also that extraordinary circumstances prevented timely filing.[12] He need not establish "maximum feasible diligence" but he is required to show "reasonable diligence."[13] Equitable tolling is usually warranted only in situations in which the convicted person was actively misled by the government or prevented in some extraordinary way from asserting his rights.[14] The failure to satisfy the statute of limitations must result from external factors beyond the convicted person's control and "delays of the petitioner's own making do not qualify."[15] Furthermore, "neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling."[16] However, the AEDPA's statute of limitations must not be applied too harshly because

---

[10]    *Jones v. Stephens*, No. 12-20151, 2013 WL 5615736, at * 3 (5th Cir. Oct. 15, 2013), quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

[11]    *United States v. Petty*, 530 F.3d at 365.

[12]    *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012), citing *Holland v. Florida*, 560 U.S.631, 649 (2010).

[13]    *Holland v. Florida*, 640 U.S. at 653.

[14]    *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

[15]    *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009), quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

[16]    *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002).

dismissing a first § 2255 motion is a serious matter.[17]   Therefore, the decision to
invoke equitable tolling is left to the discretion of the district court.[18]

The undersigned finds that the circumstances of this case are not such that
equitable tolling is warranted.  Although Mr. Jenkins was apparently assisted by a
paralegal in the preparation of his motion, there is no indication that he is represented
by an attorney with regard to his Section 2255 motion.  "Proceeding pro se is alone
insufficient to equitably toll the AEDPA statute of limitations."[19]  Similarly, "the lack
of legal training, ignorance of the law, and unfamiliarity with the legal process are
insufficient reasons to equitably toll the AEDPA statute of limitations."[20]   To the
contrary, Mr. Jenkins "was required to follow the applicable procedural rules
governing AEDPA motions."[21]  Mr. Jenkins has not established that he pursued his
right to seek to challenge his sentence with reasonable diligence or that extraordinary
circumstances prevented him from timely filing his motion for collateral review.

---

[17]     *Manning v. Epps*, 688 F.3d at 183-84, citing *United States v. Wynn*, 292 F.3d 226,
230 (5th Cir. 2002).

[18]     *Cousin v. Lensing*, 310 F.3d at 848.

[19]     *United States v. Petty*, 530 F.3d at 365.

[20]     *United States v. Petty*, 530 F.3d at 366.

[21]     *United States v. Petty*, 530 F.3d at 366.

There is no evidence that he was actively misled by the government or prevented in any extraordinary way from asserting his rights. Instead, it appears that he simply did not file his motion within the requisite time frame. Accordingly, the undersigned finds that Mr. Jenkins has not demonstrated that he is entitled to equitable tolling and further finds that the instant motion cannot be considered because it was filed too late.

## CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, it is the recommendation of the undersigned that the defendant's motion to vacate, set aside, or correct sentence (Rec. Doc. 202) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  See 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

Signed at Lafayette, Louisiana this 28th day of March 2014.

_____
Patrick J. Hanna
United States Magistrate Judge