UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 1:10-CR-279** |
| **VERSUS** | **JUDGE DRELL** |
| **DAVID JENKINS** | **MAGISTRATE PATRICK J HANNA** |

## RULING AND ORDER

Before the court is a motion for compassionate release by Defendant David Charles Jenkins ("Defendant" or "Jenkins"). (Doc. 227). The government opposes Jenkins' motion for relief and timely filed its brief in this matter. (Doc. 232). Jenkins, in turn, filed a reply brief. (Doc. 236). The motion is, accordingly, fully briefed and ripe for decision. For the reasons explained fully below, the motion will be DENIED.

### I.  Background

Defendant was one of three (3) individuals named in a 2010 indictment. (Doc. 1). Jenkins was personally named in Counts 1 and 2, alleging both conspiracy and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and 846. (Id. at ¶¶ 1 and 2). After trial by jury, Jenkins was convicted on both counts and sentenced to serve 151 months imprisonment on each count, to run concurrently, followed by terms of supervised release on each count, also imposed concurrently. (Docs. 176, 177). Jenkins was ordered to report to the Bureau of Prisons on or before January 4, 2012 to begin serving his sentence. (Doc. 177). Defendant's sentence was later reduced by virtue of the United States Sentencing Commission's amendment to guidelines made retroactive and applicable to Defendant's sentence pursuant to 18 U.S.C. §3582. (Doc. 225). Accordingly, Jenkins' sentence was revised to 121 months' imprisonment on each of

the counts as to which he was convicted, to be served concurrently. All other terms of his sentence were unchanged. (Id.). Jenkins is currently serving his sentence at Federal Medical Center Fort Worth in Fort Worth, Texas. (Doc. 227 at p. 4).

Jenkins' instant motion seeks compassionate release from imprisonment pursuant to 18 U.S.C. §3582(c)(1)(A). Specifically, Jenkins asserts that he suffers from congestive heart failure ("CHF"), hypertension, mitral valve disorders, aortic valve disorders, neoplasm of an unspecified nature of the respiratory system and anemia. (Id.). Defendant asserts that these underlying medical conditions constitute an "extraordinary and compelling reason" for compassionate release considering the danger posed to inmate populations by the global COVID-19 pandemic. Defendant asserts that he tested positive for COVID-19 on April 24, 2020 and received treatment for the virus. In this motion, Defendant alleges the threat of reinfection and serious complications and illness therefrom as an additional basis for relief. (Id.).

**II.    Law and Analysis**

Motions for sentence reduction under Section 3582(c)(1)(A), most often referred to as compassionate release motions, may be filed at the inmate's request by the Bureau of Prisons ("BOP") or by the inmate himself after exhaustion of his administrative remedies. The exhaustion requirement for motions filed directly by the inmate is mandatory and a jurisdictional prerequisite in this court. Ross v. Blake, 136 S.Ct. 1850 (2016); United States v. Chambliss, 948 F.3d 691, 692-93 (5th Cir. 2020). Section 3582(c)(1)(A) provides that prisoners may: (1) file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or (2) file a motion with the court after requesting release when there has been a lapse of thirty (30) or more days from the receipt of such request by the warden of the Defendant's facility, whichever is earlier. 18 U.S.C. §3582(c)(1)(A).

Prior to the filing of the instant motion, Jenkins filed a request for relief with the Warden at FMC Fort Worth. Defendant's request was denied on May 26, 2020. (Doc. 227-2 at p. 4). Accordingly, Jenkins exhausted his administrative remedies as required under the First Step Act, 18 U.S.C. §3582(c)(1)(A). United States v. Franco, 973 F.3d 465 (5th Cir. 2020). Despite his exhaustion, we do not find that the motion before the court demonstrates "extraordinary and compelling" reasons for compassionate release.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." As set forth in Section 3582(b), these circumstances are: (1) upon a motion for sentence reduction under 18 U.S.C. §3582(c)(1)(A); (2) in the manner and to the extent provided for in Fed. R. Crim. P. 35; and, (3) where a sentence was imposed based on a sentencing guideline range that has since been retroactively lowered. 18 U.S.C. §3582(b); Dillon v. United States, 560 U.S. 817 (2010).

Despite Jenkins' contention that "extraordinary and compelling reasons" warrant a reduction in his sentence, the law and evidence before the court indicate otherwise. Application note 1 of the United States Sentencing Guidelines §1B1.13 sets forth what may constitute "extraordinary and compelling" circumstances that would permit a court to grant relief under §3582(c)(1)(A):

(A) **Medical Condition of the Defendant.-**

    (i) The defendant is suffering from a terminal illness (i.e. a serious and advanced illness with an end of lift trajectory). A specific prognosis of life expectancy (i.e. a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is –
        (I) suffering from a serious physical or mental condition,

3

          (II)    suffering from a serious functional or cognitive impairment, or

          (III)    experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.** – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.** –

    (i)    The death or incapacitation of the caregiver of the defendant's minor child or children.

    (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only caregiver for the spouse of registered partner.

(D) **Other Reasons.** – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with the reasons described in subdivision (A) through (C).

Under the authority granted to the Bureau of Prisons in U.S.S.G. § 1B1.13 to further specify what it considers "extraordinary and compelling" BOP Program Statement 5050.50 lists similar conditions such as terminal illness, advanced age and the death of a spouse or registered partner. BOP's program statement does not depart from the manner in which "extraordinary and compelling" is otherwise defined. U.S. v. Hudec, Cr. Act. No. 91-1-1, 2020 WL 4925675 (S.D.Tex. 8/19/2020) (noting that Program Statement 5050.50 provides the same bases as U.S.S.G. for a finding of "extraordinary and compelling" reasons for compassionate release).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." United States v. Stowe, Crim. Act. No. H-11-803(1), 2019 4673725 at *2 (S.D. Tex. Sept. 25, 2019); United States v. Jones, 836 F.3d 896, 899 (8th Cir.2016) (the movant bears the burden of proving he is entitled to a sentence reduction). Jenkins avers that his underlying medical conditions qualify as "extraordinary and compelling" because they are within the ambit of conditions recognized by the CDC as risk factors contributing to serious COVID-19 illness in individuals who contract the disease. He asserts that, as an inmate in the BOP, he is not able to quarantine from others in a meaningful way, thus increasing the odds that he will again contract the virus and suffer serious illness or death. (Doc. 227).

This court has recently considered many motions by inmates asserting the existence of underlying medical conditions as bases for compassionate release because of the COVID-19 pandemic. As noted in those cases, although we do not diminish the need for the care and treatment of these underlying conditions, we do find a necessary distinction between these conditions and sorts of terminal, end-stage conditions contemplated by both the U.S.S.G. 1B1.13 and BOP Program Statement 5050.50.

As to Jenkins' COVID-19 diagnosis, we look to United States v. McCollough, 2020 WL 2812841, at *2 (D.Ariz. May 29, 2020) for guidance.[1] In McCollough, the court examined four relevant concerns: "(1) the course of [the defendant's] illness, (2) the state of his health, (3) the

---

[1] See also, United States v. Carney, Crim. Act. No. 154, 2020 WL 4747716 (E.D.La. August 17, 2020), United States v. Dan, CR.NO. 15-00703 HG-01, 2020 WL 3453845, at *5 (D.Haw. June 24, 2020) (compassionate release denied where defendant had tested positive for COVID-19, was deemed recovered, and did not claim that he was currently suffering from any symptoms); United States v. Morgan, No. 14-040, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020) (where compassionate release was denied "given Petitioner's current COVID-19 diagnosis, granting his request would not enable him to obtain the relief he sought by filing this motion- avoiding contracting COVID-19."); United States v. Russo, 16-CR-441, 2020 WL 1862294, 8 (S.D. N.Y., Apr. 14, 2020) (denying otherwise meritorious motion or compassionate release because defendant tested positive for COVID-19 during the pendency of the motion).

5

prognosis, and (4) the adequacy of the care and treatment being provided to him in BOP given his pre-existing conditions." Review of Jenkins' medical records affirms this defendant's complex medical history, including the diagnosis of Marfan syndrome in 2008, mechanical mitral valve repair surgery and continued treatment for hypertension and congestive heart failure by medication. Recent records also confirm Defendant's positive COVID-19 diagnosis and asymptomatic bout with the virus during his period of quarantine and monitoring. (Doc. 230-1). Jenkins' medical records show adequate access to medical care regarding both his bout with COVID-19 and his underlying conditions. Specifically, we note close intervals of monitoring and assessment of symptoms and organized notations from providers. There is neither argument nor evidence in the record to suggest otherwise. Moreover, a "review for home confinement" under COVID-19 protocols made at Jenkins' request on May 18, 2020 by LCSW Veronica Pruitt found Defendant able to carry out all essential and instrumental activities of daily living, noting that he complained of trouble standing for long periods of time. (Id. at p. 55).

Accordingly, Jenkins has failed to carry his burden of proving his medical condition rises to the level of "extraordinary and compelling." We also note that Jenkins' concerns regarding reinfection, while well-taken, do not in this court's opinion, rise above the generalized concerns shared by all persons regarding the seriousness of COVID-19, as the court has no scientific information at this time upon which to base a specific heightened risk concern relative to reinfection. As we have previously noted, generalized concerns regarding the widely acknowledged health risks associated with COVID-19 are not an adequate basis for compassionate release under applicable law and jurisprudence. U.S. v. Koons, 455 F.Supp.3d 285 (W.D. La. 2020) (rejecting an argument in favor of compassionate release based on generalized fears of COVID-19 virus).

### III. Conclusion

For the reasons set forth herein, it is hereby

ORDERED that Jenkins' instant motion for compassionate release (Doc. 227) is DENIED.

THUS DONE AND SIGNED this 26th day of October 2020, at Alexandria, Louisiana.

                                                DEE D. DRELL, JUDGE
                                      UNITED STATES DISTRICT COURT